**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | | |
|---|---|---|
| Derrick Jerome Davis, | ) | Case No. 6:21-cv-2394-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **ORDER AND OPINION** |
| v. | ) | |
| | ) | |
| Dennis Kelly, Lonnie Smith, Chris | ) | |
| Reynolds, Deputy M. Bollman, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge (Dkt. No. 16) recommending that Plaintiff's claim for equal protection proceed as against Defendant Bollman, but that the remaining claims in Plaintiff's Amended Complaint be dismissed. For the reasons set forth below, the Court adopts the R&R as the order of the Court, permits Plaintiff's equal protection claim against Defendant Bollman to proceed, and dismisses the remainder of the Amended Complaint.

### I. Background

Plaintiff, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.

On August 2, 2021, Plaintiff filed his original complaint. (Dkt. No. 1). On August 17, 2021, the Magistrate Judge issued an order warning Plaintiff that his original complaint was subject to dismissal as pled. (Dkt. No. 10). Plaintiff was afforded an opportunity to amend his complaint. (*Id.* at 12).

On August 30, 2021, Plaintiff timely filed his Amended Complaint. In his Amended Complaint, (Dkt. No. 12), Plaintiff brings claims concerning equal protection, conditions of

confinement, the First Amendment, denial of access to the courts, a racial slur, deliberate indifference to medical needs, and retaliation.

Pursuant to 28 U.S.C. § 1915A, the Magistrate Judge reviewed Plaintiff's Amended Complaint. § 1915A(a), (b) (requiring courts to "review, before docketing . . . or . . . as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from the governmental entity or officer or employee of a governmental entity" and dismiss those complaints, or any portions of such complaints, which, *inter alia*, fail to state a claim upon which relief may be granted).

On September 16, 2021, the Magistrate Judge filed an R&R recommending that, except for Plaintiff's equal protection claim against Defendant Bollman, the claims in Plaintiff's Amended Complaint be dismissed. (Dkt. No. 16).  Plaintiff did not file objections to the R&R.

## II.    Legal Standards

### a.  Fed. R. Civ. P. 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted."  A claim survives the motion if the complaint provides enough facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This is a test of the legal sufficiency of the complaint and, therefore, Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). Instead, the district court's "inquiry then is limited to whether the allegations constitute a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* (internal quotation marks and citation omitted). For that analysis, the district court "need not accept as true

unwarranted inferences, unreasonable conclusions, or arguments"; however, it must "assume the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### b. Pro Se Pleading Standard

This court is required to liberally construe pro se pleadings, *Estelle v. Gamble*, 429 U.S. 97, 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980). The mandated liberal construction afforded pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990).

### c. Magistrate Judge's Report & Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where the plaintiff fails to file any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in

order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted).  Because Plaintiff did not file objections to the R&R, the R&R is reviewed for clear error.

### III.    Discussion

The Court finds that the Magistrate Judge ably addressed the issues and correctly concluded that while Plaintiff's equal protection claim against Defendant Bollman should proceed, his remaining claims should not.

The Equal Protection Clause provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To prove an equal protection claim, litigants "must first demonstrate that [they] ha[ve] been treated differently from others with whom [they are] similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir. 2002) (omitting internal quotations). Only if plaintiff makes these showings will the court proceed to the next stage of the analysis: determining whether a prison officials' action is reasonably related to a legitimate, penological purpose. *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001). Plaintiff "must plead sufficient facts to satisfy each requirement. *Veney,* 293 F.3d at 731. "[A]bsent some factual evidence the court will not look behind the determinations of prison officials on mere accusations that they are racially motivated." *Chapman v. Reynolds,* 378 F. Supp. 1137, 1140 (W.D. Va. 1974).  Here, as the Magistrate Judge correctly noted, (Dkt. No. 16 at 2), Plaintiff's Amended Complaint contains specific factual allegations regarding unequal treatment by Defendant Bollman. Namely, Plaintiff adequately alleges that Defendant Bollman treats Plaintiff differently based on his race as it concerns, for example, the consequences of the discovery of prisoner contraband. *See* (Dkt. No. 12 at 5-7) (alleging that Plaintiff was placed in a lock down

unit for contraband despite not being charged and that although Detention Center policy is that he could not be transferred back to the "privileged" dorm for 90 days, white detainees who were discovered with contraband were transferred back prior to 90 days). Accordingly, Plaintiff's equal protection claim against Defendant Bollman shall proceed.

As to the rest of Plaintiff's Amended Complaint, the Magistrate Judge accurately articulated why Plaintiff's remaining claims fail as pled. (*Id.* at 5-13). For example, Plaintiff alleges that it is a violation of his First Amendment right to the free exercise of religion that the detainees in the cells around him are not Christians. *See* (*id* at 6) (alleging Defendants have prevented Plaintiff fellowship with other Christian inmates). As the Magistrate Judge correctly noted, however, Plaintiff is not entitled to the dorm placement of his choice, *Hewitt v. Helms*, 459 U.S. 460, 468 (1983) (finding no constitutional right under the due process clause to a particular security classification or prison placement), *overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995), and Plaintiff's Amended Complaint contains no allegations indicating that the Defendants were personally involved in preventing the plaintiff from fellowshipping with or being around other Christian detainees, *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1997). *See also, e.g.*, (Dkt. No. 16 at 10) (finding that an inmate's access to and participation in a prison's grievance process is not constitutionally protected and recommending Plaintiff's claim for interference with the grievance process be dismissed) (citing *Taylor v. Lang*, 483 Fed. App'x, 855, 858 (4th Cir. 2012)).

## IV.     Conclusion

For the reasons set forth above, the Court **ADOPTS** the R&R (Dkt. No. 16) as the order of Court, permits Plaintiff's equal protection claim against Defendant Bollman to proceed, and otherwise dismisses the remainder of the claims in Plaintiff's Amended Complaint.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard Mark Gergel
United States District Judge

October 6, 2021
Charleston, South Carolina